996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demola ADESANYA, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Defendant-Appellee.
 No. 92-15338.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1993.*
Decided June 16, 1993.
 
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demola Adesanya appeals pro se the district court's dismissal of his action seeking a writ of mandamus and money damages against the Immigration and Naturalization Service ("INS") for wrongfully denying his application for work authorization, instituting deportation proceedings in violation of 8 C.F.R. §§ 215.2(a) and 215.3(h), and engaging in tortious conduct against him. Adesanya argues that the INS's motion to dismiss was procedurally deficient and that the district court erred in failing to enter a default judgment in his favor. We affirm the order of the district court.
 
 
 3
 Adesanya filed his complaint on August 7, 1991. The INS filed an answer on October 22, 1991, and a summary judgment motion on October 31, 1991. Because Adesanya's address had been incorrectly listed in the Summons, the district court held on December 5, 1991 that the answer and summary judgment motion had not been properly served. Accordingly, the district court accepted Adesanya's amended complaint,[1] which was filed on November 25, 1991, and permitted the INS to file a motion to dismiss in response to the amended complaint. The INS filed a motion to dismiss the amended complaint that same day, December 5, 1991. Adesanya then filed a motion for default judgment on January 17, 1992. On February 5, 1992, the district court granted the INS's motion to dismiss and denied Adesanya's motion for default judgment. Adesanya filed a timely appeal.
 
 
 4
 Adesanya maintains that the INS's motion to dismiss was procedurally deficient in several respects. Specifically, he argues that the motion to dismiss was untimely, not a proper responsive pleading, and that it failed to state its grounds with sufficient particularity. None of these contentions has any merit. Federal Rule of Civil Procedure 12(b) provides that a motion to dismiss "shall be made before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b) (emphasis added). Thus, the motion to dismiss was a proper response to Adesanya's amended complaint. The motion was also timely, satisfying Fed.R.Civ.P. 15(a)'s requirement that a response to an amended complaint be filed within 10 days. Finally, the motion to dismiss was sufficiently particular for purposes of Fed.R.Civ.P. 7(b)(1).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Adesanya's original complaint sought a writ of mandamus directing the INS to grant him work authorization. The amended version added claims for money damages for the alleged improper denial of work authorization and tortious conduct by the INS